

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 22, 1939

Honorable John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-422
Re: Application of State per Capita
Apportionment for one year when
received by the County after the
beginning of a new School Year

We are in receipt of your letters of February 24 and March 16, in which you request the opinion of this department on the facts therein set out.

You state in your letter of March 16:

"The County Board made a contract with the Bank under which the bank has agreed to advance to the various school districts of the County all the money as needed until the amount reaches the sum of $19.00 per capita, or up to $22.00 per capita if the bank cares to do so.

"Now the bank wants to know whether they would be safe in lending the additional $3.00 per capita -- that is, if they did so, whether the money received by the school districts after Sept. 1, 1939 could be applied to the repayment of the 1938-1939 school year loans made by the bank, or rather whether this money received after September 1, 1939 would have to be applied to the repayment of the loans thus made by the bank for the 1938-1939 school year up to the amount of the loans made, up to $22.00 per capita."

Article VII, Section 5, of the Texas Constitution, provides in part as follows:

COPY

Honorable John C. Marburger, March 22, 1939, Page 2

"* * * and the available school fund shall be applied _annually_ to the support of the public free schools. * * * and the available school fund herein provided shall be distributed to the several counties according to their scholastic population and applied in such manner as may be provided by law."

Article 2823, R.C.S. 1925, provides in part:

"* * * which fund (available school fund) shall be _apportioned annually_ to the several counties of this State, according to the scholastic population of each, for the support and maintenance of the public free schools."

It is provided in Article 2827a that the County Board of Trustees in each county having an elective county superintendent shall notify the State Superintendent and Board of Education "not later than September 1, of each scholastic year, of the amount of the State Available School Fund that should be set aside from the per capita apportionment for said county for the _ensuing scholastic year_ for the maintenance of the office of County Superintendent * * * *"

Article 2834, R.C.S. 1925, makes it the duty of the Comptroller to keep separate accounts of the available school fund, and provides that:

"(he) shall, on or before the meeting of the State Board on or before the first day of August of each year, make an estimate of the amount of available school fund to be received from every source, and to be available for the _succeeding scholastic year_ and report the same to said board."

Article 2665, R.C.S. 1925, provides:

"The State Board shall, on or before the first day of August in each year, based on the estimate theretofore furnished said Board by the Comptroller, _make an apportionment for the ensuing scholastic year_ of the available State school fund among the several counties of the State, and the several cities and towns and school districts constituting separate school organizations, according to the scholastic population of each; and thereupon the secretary shall certify to the treasurer of each such separate school organization the total amount

Honorable John C. Marburger, March 22, 1959, Page 3

of available school fund so apportioned to each,
which certificate shall be signed by the presi-
dent, counter-signed by the Comptroller and at-
tested by the secretary."

Article 2749 contains the following provision:

"* * * provided that the trustees in making con-
tracts with teachers shall not create a defici-
ency debt against the district."

Article 2827 contains the following provision:

"The public free school funds shall not be
expended except for the following purposes:

"1. The State and county available funds
shall be used exclusively for the payment of
teachers' and superintendents' salaries, fees
for taking the scholastic census, and interest
on money borrowed on short time to pay salaries
of teachers and superintendents, when these sal-
aries become due before the school funds for the
current year become available; provided that no
loans for the purpose of payment of teachers
shall be paid out of funds other than those for
the then current year.

Article 2831, R.C.S. 1925, provides:

"All balances of the general school fund
not appropriated for the current year shall be
carried over by the treasurer as part of the
general school fund for the county for the suc-
ceeding year, and unexpired balances to the
credit of any district shall be carried over for
the benefit of such school district. If any
such balance shall exceed five dollars per capita,
according to the last scholastic census, then
such excess shall be reapportioned to the school
districts of the county."

The foregoing constitutional and statutory provisions show
a clear intent that the public schools of the state shall be operated
on an annual basis.

By Article 2749 the trustees are expressly prohibited from
creating any debts against subsequent years for teachers' salaries,
and it is well settled that in order to recover on a teacher's con-
tract, it must be alleged and proved that the school district then

has in its treasury funds available for that particular scholastic year. Collin vs. Peacock (Sup. Ct. 1900) 54 S.W. 1025. Although Article 2749 expressly applies only to teachers' contracts, this rule has been extended to cover other debts for supplies and maintenance. Templeman Common School District vs. Boyd B. Head Co. (T.C.A. 1937) 101 S.W. (2d) 352; First National Bank vs. Murchison Ind. School Dist. (T.C.A. 1938) 114 S.W. (2d) 382.

Article 2827 authorizes the trustees to secure short time loans to pay salaries before the "funds for the current year" become available, but such loans may only be repaid out of funds "for the then current year". Article 2831, pertaining to balances, only authorizes the carrying over of balances of the general fund "not appropriated for the current year" to be used "for the succeeding year". By this same article only "unexpired balances" of a school district are authorized to be carried over to the credit of the district.

These provisions restricting creditors of one scholastic year to funds available for that year, and the provision for carrying over of balances, clearly implies that such funds must be applied to discharge the debts of such year until exhausted.

It was held in Martin vs. Fisher (Cal. Dist. 1930) 291 Pac. 276, that the creditors of a school district are entitled to have all the revenue of a fiscal year applied upon the indebtedness of that year, and the district cannot escape liability by the transfer of funds, or the use of such funds to pay the expenses of another fiscal year.

Article 2834 speaks of the available school fund that will be "available for the succeeding scholastic year", and Article 2665 directs the State Board to "make an apportionment for the ensuing scholastic year of the available state school fund".

We believe that when the State Board has finally "made an apportionment for the ensuing scholastic year of the available State school funds", that such apportionment is an effective dedication of those particular funds for the payment of the authorized expenditures for such school year. Having been so dedicated it would be immaterial that these funds may not be transmitted to the several counties until after the beginning of a new scholastic year.

It is our opinion that the State per capita apportionment for the scholastic year 1938-1939 must be applied to repay the bank or advancements made under Article 2827 to pay teachers' salaries for that year, although all the per capita apportionment for 1938-

Honorable John C. Marburger, March 22, 1939, Page 5

1939 may not be received by the county until after September 1, 1939.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack*
        Cecil C. Cammack
           Assistant

COC:FG

APPROVED:

First Ass't
ATTORNEY GENERAL OF TEXAS